# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANA S.,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 23-cv-1485-DEB<br><br>**ORDER GRANTING JOINT MOTION FOR VOLUNTARY REMAND PURSUANT TO SENTENCE SIX OF 42 U.S.C. § 405(g)**<br><br>**[DKT. NO. 12]** |

Before the Court is the parties' Joint Motion to Voluntary Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g). Dkt. No. 12. The parties agree that this case should be remanded for further administrative proceedings under sentence six of 42 U.S.C. § 405(g) because of a missing hearing recording. *Id.* at 1. They further agree that should the Appeals Council not locate the missing recording within a reasonable period, the Appeals Council will remand the case for a *de novo* hearing. *Id.* at 2. Finally, the parties submit that should the Social Security Agency deny Plaintiff's application for disability benefits, Plaintiff may seek judicial review by reinstating this case. *Id.*

For the reasons discussed below, the Court **GRANTS** the Motion.

//

## I. Background

On August 14, 2023, Plaintiff filed a complaint, challenging the Commissioner's denial of Social Security benefits. Dkt. No. 1. The parties subsequently consented to the case being heard by a magistrate judge in accordance with 28 U.S.C. § 636(c). Dkt. No. 6. The parties filed a joint motion requesting additional time for the Commissioner to file the Certified Administrative Record ("CAR") to locate a missing hearing recording. Dkt. No. 9. The Court granted the parties' motion and ordered the Commissioner to file the CAR by November 13, 2023. Dkt. No. 11. On October 23, 2023, the parties filed the instant motion requesting remand pursuant to sentence six of 42 U.S.C. § 405(g). Dkt. No. 12.

## II. Legal Standard

An individual can seek judicial review in district court "after any final decision of the Commissioner of Social Security made after a hearing to which [the individual] was a party[.]" 42 U.S.C. § 405(g). Once a claimant brings an action under § 405(g), the district court may remand to the Commissioner of the Social Security Administration pursuant to sentence four or sentence six of § 405(g). *Hoa Hong Van v. Barnhart*, 483 F.3d 600, 605 (9th Cir. 2007) (citations omitted). Sentence six of § 405(g) authorizes, in relevant part, a remand for further action by the Commissioner upon a showing of good cause before an answer is filed. *See also Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002) ("Sentence six remands may be ordered in only two situations: where the Commissioner requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency.") (citation omitted). "In a sentence six remand case, the Court retains jurisdiction following the remand." *George S. C. v. Saul*, No. 20-CV-06218-RMI, 2022 WL 445761, at *3 (N.D. Cal. Feb. 14, 2022) (internal quotation marks and citations omitted).

//

### III. Discussion

Here, the Commissioner has not filed an answer, and the administrative record is incomplete due to a missing hearing recording. Dkt. No. 12. The Court finds good cause exists to remand for further action by the Commissioner. *See Gomez v. Astrue*, No. CIV11-705-TUC-LAB, 2012 WL 4856390, at *1 (D. Ariz. Oct. 10, 2012) (remanding pursuant to sentence six where the administrative record was incomplete); *see also Davis v. Astrue*, No. 1:08CV00525TAG, 2008 WL 4582498, at *1 (E.D. Cal. Oct. 14, 2008) ("Good cause is shown where, for example, there are problems including an inaudible or lost tape recording of an administrative hearing.").

### IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that the Joint Motion to Voluntary Remand Pursuant to Sentence Six of 42 U.S.C. § 405(g) (Dkt. No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is remanded to the Commissioner of the Social Security Administration pursuant to sentence six of 42 U.S.C. § 405(g).

**IT IS FURTHER ORDERED** that the Appeals Council has 60 days to locate the missing hearing recording and supplement the administrative record. If the Appeals Council is unable to locate the missing hearing recording within 60 days, an Administrative Law Judge must conduct a *de novo* hearing and issue a new decision based on a complete record. If the outcome still is not fully favorable to Plaintiff, the Commissioner must file with the Court the Certified Administrative Record, including a transcript of the additional record and testimony on which the Commissioner's action in modifying or affirming is based, and Plaintiff may seek judicial review by reinstating this case rather than by filing a new complaint. However, if the outcome is fully favorable to Plaintiff, the parties must move the

Court for entry of judgment.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant must file Joint Status Reports with the Court beginning December 29, 2023, and continuing every 60 days thereafter until further order of the Court. Each Joint Status Report must summarize what actions have been taken and when they were accomplished as well as what further actions will be taken and when they will be accomplished.

**IT IS SO ORDERED.**

Dated: October 30, 2023

Daniel E. Butcher
United States Magistrate Judge